UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TYRONE JOHNSON,                              :     SUPPLEMENTAL
                                             :     MEMORANDUM OF
                                             :     LAW IN OPPOSITION
            Petitioner,                      :     TO PETITION FOR
                                             :     A WRIT OF HABEAS
       - against -                           :     CORPUS
                                             :
SUPERINTENDENT PHILIP D. HEATH,              :     11-CV-6270
                                             :     (Vitaliano, D.J.)
            Respondent.                      :
------------------------------------------------------------x

This Memorandum of Law is submitted in response to counsel's supplemental memorandum of law dated August 13, 2012, that was filed in support of petitioner's pro se application for a writ of habeas corpus. This memorandum only addresses petitioner's argument that his Confrontation Clause claim is not procedurally barred. The state otherwise relies on its May 30, 2012 response.

# ARGUMENT

## PETITIONER'S CONFRONTATION CLAUSE CLAIM IS PROCEDURALLY BARRED FROM REVIEW IN THIS COURT (Responding to Point One of the Memorandum of Law).

The Appellate Division decision that petitioner had failed to preserve for appellate review his claim that he was denied his right of confrontation under *Crawford v. Washington*, 514 U.S. 36 (2004), constitutes an independent and adequate state procedural ground that bars review of this claim in this Court. Counsel, however, contends that this claim is not procedurally barred because New York does not evenhandedly apply its contemporaneous-objection rule to *Crawford* claims. He is wrong.

As noted in the main response, a federal habeas court will not review a claim rejected by a state court if the decision "rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Beard v. Kindler*, 558 U.S. __, 130 S. Ct. 612 (2009), *quoting Coleman v. Thompson*, 501 U.S. 722, 729 (1991); *see Walker v. Martin*, __ U.S. __, 131 S. Ct. 1120 (2011). A state procedural rule is adequate if it is firmly established and regularly followed, *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991); *Walker*, __ U.S. __, 131 S. Ct. at 1127, although in "exceptional

cases" the "exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Lee v. Kemna*, 534 U.S. 362, 376 (2002). The Second Circuit has held that New York's contemporaneous objection rule is a firmly established and regularly followed procedural rule so long as it is not "exorbitant[ly] misapplied." *Downs v. Lape*, 657 F.3d 97, 102 (2D Cir. 2011). Thus, so long as the Appellate Division's ruling that a particular claim is unpreserved for appellate review does not reflect or impose "an extreme, novel, or unforeseeable requirement without fair or substantial support in prior state law," it will be adequate. *Id*. at 105-06.

Here, petitioner cannot show that the Appellate Division exorbitantly misapplied New York's preservation rule when it held that he failed to preserve for appellate review his claim that he was denied his confrontation rights under *Crawford v. Washington.* In New York, to preserve an issue for appellate review, a defendant must first raise that issue in the trial court with specificity. It is not enough to make a general objection, or to raise a related issue; the argument raised on appeal must be the same argument raised below. *People v. Smocum*, 99 N.Y.2d 418 (2003); *People v. Garcia,* 83 N.Y.2d 817 (1994). Thus, the New York Court of Appeals has held that a general invocation of a constitutional guarantee is not enough to preserve a

specific argument for review. *See People v. Hanson*, 99 N.Y.2d 339, 344 n.2 (2003)(invocation of due process did not preserve specific theory of violation of due process for review). Further, the Appellate Divisions have insisted that defendants seeking to raise confrontation issues on appeal must raise the same arguments with specificity in the court below. *People v. Davis*, 87 A.D.3d 1332 (4th Dept. 2011) (defendant's confrontation clause claim unpreserved after he did not object at trial on same grounds as on appeal); *People v. Cato*, 22 A.D.3d 863 (2d Dept. 2005) (specific argument that tape was testimonial under *Crawford v. Washington* not raised in trial court and therefore unpreserved for appellate review); *People v. Moreno,* 303 A.D.2d 424 (2d Dept. 2003) (confrontation clause argument not specifically preserved); *People v. Hughes*, 251 A.D.2d 513 (2d Dept. 1998) (same); *see also People v. Johnson*, 245 A.D.2d 112 (1st Dept. 1997) (argument that admission of co-defendant's plea allocution improperly implicated defendant did not preserve confrontation clause issue).

The Appellate Division's application of this rule was neither extreme nor novel as petitioner simply failed to raise in the court below the same confrontation clause argument that he raised on appeal. In opposing the state's application to introduce the statements, petitioner mentioned the Sixth

4

Amendment, but only to argue that the probative value of the victim's statements did not outweigh the prejudice to petitioner's inability to cross-examine him (May 6, 2002 Proceedings: 23). Absent from petitioner's objection was any argument that the confrontation clause prohibited the use of testimonial statements and that the statements in question were testimonial in nature because they were accusatory and describing a past event and, thus, a substitute for in-court testimony as he raised on appeal (*see* Petitioner's Brief at 42-46). Indeed, nothing petitioner said in the trial court could be seen to have advanced this theory: there was simply no mention of this view of the confrontation clause and no reference to testimonial statements or their scope or significance. Thus, this theory was simply never advanced in the trial court, and the Appellate Division appropriately ruled that petitioner had failed to preserve for appellate review the claim that he raised on appeal.

Relying on *People v. Hardy*, 4 N.Y.3d 1992 (2005), in which the New York Court of Appeals concluded that that defendant had preserved his *Crawford* claim by invoking the Sixth Amendment and mentioning his confrontation rights, petitioner, through counsel, contends that New York does not apply the contemporaneous-objection rule evenhandedly, and that, thus, it is not regularly followed. But whether a state applies its rules evenhandedly

is not the issue. Rather, as *Lee v. Kemna*, *supra*, and *Downs v. Lape*, *supra*, make clear, a rule is not regularly followed when it is "exorbitantly misapplied," not when the court fails to apply it evenhandedly. Indeed, as the Second Circuit stated in *Downs*, "some variation is inevitable in the application of any procedural rule," and the variation could easily reflect the appellate court's exercise of its discretion. *Id*. at 103. And "the exercise of discretion by New York courts hardly proves that they fail to regularly follow the state's contemporaneous objection rule, any more than the occasional excusal of a waiver or forfeiture by [the Second Circuit] proves that [they] do not generally require that arguments advanced on appeal be raised in the lower court." *Id*.; *see Walker v. Martin*, __ U.S. at __, 131 S. Ct. at 1130 ("A discretionary ruling ought not be disregarded automatically upon a showing of seeming inconsistencies."); *see also Dugger v. Adams*, 489 U.S. 401, 410 n.6 (1989) (if a state Supreme Court occasionally forgives procedural default, but applies it in the "vast majority" of cases, then the federal habeas court ordinarily should give the state rule preclusive effect); *Reid v. True*, 349 F.3d 788, 804 (4th Cir. 2003) (single failure to apply the rule does not establish its inadequacy). . Accordingly, here, even if petitioner can show some inconsistency in the way

in which New York applies its contemporaneous-objection rule, that does not demonstrate that the rule is not regularly followed.

In sum, for the reasons stated above and in the state's main response, petitioner's Confrontation Clause claim is barred from review in this Court by an independent and adequate state procedural ground owing to his failure to preserve the claim for appellate review.

## **CONCLUSION**

For the reasons set forth above and in the state's main opposition papers, this Court should reject petitioner's application for a writ of habeas corpus.

Respectfully submitted,

RICHARD A. BROWN
District Attorney
Queens County

JOHN M. CASTELLANO
JOHNNETTE TRAILL
    Assistant District Attorney
        of Counsel

September 14, 2012